UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

FILED
JUL 2 2 2011
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

REX HATFIELD          03591088

EVERLY HATFIELD       06633025

_____     _____

(Enter above the full name of the plaintiff    (Inmate Reg. # of each Plaintiff)
or plaintiffs in this action).

VERSUS                CIVIL ACTION NO. 5:11-0498
                      (Number to be assigned by Court)

ROBERT L GARRISON

RALPH MOORE

DAVY PIERSON

_____

(Enter above the full name of the defendant
or defendants in this action)

## COMPLAINT

I.   **Previous Lawsuits**

   A.   Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?

        Yes _____    No ✓

1

B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline).

    1. Parties to this previous lawsuit:

        Plaintiffs: _____

        _____

        _____

        Defendants: _____

        _____

        _____

    2. Court (if federal court, name the district; if state court, name the county);

    _____

    3. Docket Number: _____

    4. Name of judge to whom case was assigned:

    _____

    5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?

    _____

    6. Approximate date of filing lawsuit: _____

    7. Approximate date of disposition: _____

II. **Place of Present Confinement:** _____

    A. Is there a prisoner grievance procedure in this institution?

        Yes _____      No _____

    B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?

        Yes _____      No _____

    C. If you answer is YES:

        1. What steps did you take? _____

        2. What was the result? _____

    D. If your answer is NO, explain why not: _____

III. **Parties**

(In item A below, place your name and inmate registration number in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

    A. Name of Plaintiff: **REX HATFIELD**

        Address: **FCI BECKLEY PO BOX 350 BEAVER, WEST VIRGINIA 25813**

    B. Additional Plaintiff(s) and Address(es): **EVERLY HATFIELD FCI BECKLEY PO. BOX 350 BEAVER, WEST VIRGINIA 25813**

3

(In item C below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item D for the names, positions, and places of employment of any additional defendants.)

C. Defendant: ROBERT GARRISON

is employed as: UNITED STATES ASSISTANT ATTORNEY

at NINE EXECUTIVE DRIVE FAIRVIEW HEIGHTS IL 62208

D. Additional defendants: RALPH MOORE

DEA FEDERAL AGENT, ILLINOIS

DAVY PIERSON

ASSISTANT CHIEF OF POLICE, OCEANA WEST VIRGINIA 24870

IV. **Statement of Claim**

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

#1 ROBERT GARRISON AND RALPH MOORE CONSPIRED TO DEPRIVE THE HATFIELDS OF THEIR RIGHT TO A FAIR TRIAL BY WITHOLDING EXCULPATORY EVIDENCE IN 2008 TRIAL, NEW EVIDENCE HEARING ON 9-10-2010 REVEALED THE CONSPIRICY AND DUE PROCESS VIOLATION 5th AND 14th AMENDMENT. #2 ROBERT GARRISON VIOLATED DUE PROCESS BY FAILING TO CORRECT FALSE TESTIMONY FROM PAM HATFIELD AND SHIELA ACKLIN IN 2008, VIOLATION DISCOVERED 9-10-2010 VIOLATING 5th AND 14th AMENDMENT #3 ROBERT GARRISON, RALPH MOORE AND DAVY PIERSON VINDICTIVELY WITH MALICE AND EVIL CONCIVED IN THE SPIRIT OF MISCHIEF

4

IV. **Statement of Claim (continued):**

CONSPIRED TO FRAME THE HATFIELDS WITH DISTRIBUTING DRUGS TO JIMMY DISHMON WITH DEATH RESULTING, TRIAL WAS IN 2008, IN VIOLATION OF 5Th AND 14Th AMENDMENT, APPEALS COURT ORDERED A NEW TRIAL ON 1-14-2010 DISTRICT COURT REOPENED THE CASE ON 2-8-2010 WHEN DEFENCE WAS PREPARING FOR A NEW TRIAL WE DISCOVERED THAT THE GOVERNMENT VIOLATED BRADY AND NAPUE THE GOVERNMENT MOVED TO DISMISS DEATH RESULTING, DEFENCE OBJECTED, DISTRICT JUDGE VACATED AND DISMISSED DEATH, SENTENCE AGAIN TO NEW SENTENCE, DEFENCE ASK FOR NEW EVIDENCE HEARING ON 9-10-2010 THATS WHEN WE DISCOVERED THE CONSPIRICY AND DUE PROCESS VIOLATION WITH CRIMINAL INTENT, SEE EXHIBIT 1 ON BACK PAGES

V. **Relief**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

#1 APPOINT US AN ATTORNEY, SUE FOR MONETARY DAMAGES, EACH DEFENDANT IS TO BE SUED IN HIS JUDICIAL CAPACITY AND INDIVIDUAL CAPACITY, SUE ROBERT GARRISON AND RALPH MOORE FOR 10 MILLION DOLLARS FOR WITHOLDING EXCULPITARY INFORMATION VIOLATING OUR 5Th AND 14 AMENDMENT RIGHTS, #2 SUE ROBERT GARRISON FOR 10 MILLION DOLLARS FOR DUE PROCESS VIOLATION 5Th AND 14 AMENDMENT BY NOT CORRECTING FALSE TESTIMONY #3 SUE ROBERT GARRISON RALPH MOORE AND DAVY PIERSON FOR 50 MILLION DOLLARS FOR WRONGFUL INPRISONMENT FOR THE DEATH OF JIMMY DISHMON IN VIOLATION OF THE HATFIELDS 5TH AND 14TH AMENDMENT RIGHTS, AND SUE FOR 100 MILLION DOLLARS FOR PUNITIVE DAMAGES, 1 MILLION FOR MENTAL STRESS 1 MILLION DOLLARS

V.  Relief (continued)):

FOR EMOTIONAL STRESS, SUE DEFENDANTS FOR ATTORNEY FEES AND COURT COST

VII. Counsel

    A. If someone other than a lawyer is assisting you in preparing this case, state the person's name:

    B. Have you made any effort to contact a private lawyer to determine if he or she would represent you in this civil action?

        Yes ✓    No ____

    If so, state the name(s) and address(es) of each lawyer contacted:

LEONARD S BECKER 312 NORTH MAY STREET SUITE 100 CHICAGO ILLINOIS 60607

    If not, state your reasons: ____

    C. Have you previously had a lawyer representing you in a civil action in this court?

        Yes ____    No ✓

If so, state the lawyer's name and address:

_____

_____

Signed this __21__ day of __JULY_____, 20_11_.

*Roy Hatfield*
*Everly Hatfield*
_____
Signature of Plaintiff or Plaintiffs

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __JULY 21-2011_____.
               (Date)

*Roy Hatfield*
*Everly Hatfield*
_____
Signature of Movant/Plaintiff

_____
**Signature of Attorney**
**(if any)**

7

## STATEMENT OF FACTS

### 1) The Evidence at Trial

#### A) Evidence at Trial Concerning the Overdose Death of Jimmy Dishmon

Sheila Acklin testified that she, Everly Hatfield, Pamela Hatfield, Rex Hatfield and Jimmy Dishmon were all present at the Econo Lodge in Ghent, West Virginia on the night before Jimmy Dishmon died. (Tr., Day 11, pp. 51-52). She testified that Everly Hatfield injected Jimmy Dishmon with opiates at the motel. (*Id.*, pp. 53-55). Acklin testified that she had "bought" a room at the motel, and that she "stayed" there, and that she "checked out." (*Id.*, p. 59; p. 88). Acklin later testified that Pamela Hatfield had "got" her the motel room. (*Id.*, p. 89). On cross-examination, Acklin admitted to being a drug addict with a tremendous habit. (*Id.*, pp. 81-82). Acklin testified that she had been doing drugs at the motel the night before Jimmy Dishmon died, and that as a result, "the night faded together." (*Id.*, p. 89).

Pamela Hatfield testified that she had "stayed there at the Knights Inn"[2] before Jimmy Dishmon overdosed. (*Id.*, p. 119). She testified that she and her husband Rex Hatfield had one motel room, and that Sheila Acklin and Everly Hatfield had an adjoining room. (*Id.*, pp. 120-122). She testified that she had "registered for all of us." (*Id.*, p. 157). She testified that she had seen Everly Hatfield prepare an injection for Jimmy Dishmon at the motel. (*Id.*, p. 120). On cross-examination, Pamela Hatfield acknowledged being both a drug dealer and a drug addict with a lengthy criminal record. (*Id.*, pp. 283-285; Tr., Day 12, p. 17).

---

[2]The "Econo Lodge" changed its name to "Knights Inn" at some point.

6

PLANTIF EXIBIT 1C

discovered by Defendants through the course of due diligence. As pointed out by Defendants at the evidentiary hearing, Defendants were only informed by the Government through the DEA-6 report that Defendants had registered at an Econo Lodge in Cool Ridge, West Virginia when in fact the motel was located in Ghent, West Virginia and had subsequently transferred ownership and converted to a Knight's Inn, making identification of the proper motel extremely difficult. It was not until trial that it was revealed that the motel at issue was now a Knight's Inn in Ghent, West Virginia. Even if Defendants had been able to determine the exact location and identification of the motel in question, the Government had possession of the records at numerous points before and, in particularly, obtained the documents within three months of disclosure of the DEA-6. The Government possessed the documents and were in a better position to suppress them. Clearly, the first two prongs of the **Brady** test have been met in that the Government had an obligation to turn over the register to the Defendants, but failed to do so, and the Defendants could not have discovered the documents through due diligence.

2. ***Napue*** **Violations**

Defendants also argue that the failure of the Government to turn over the records or to correct Pamela Hatfield's testimony that she registered at the motel, when in fact she was not registered, on the evening in question resulted in a violation of ***Napue v. Illinois*, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959)**. "*Napue* stands for the proposition that prosecutors may not suborn perjury." ***Are***,

PLANTIFF Page 16 of 26
EXhIBIT 1 A

### 3. Materiality

While the Court has found that the Government violated both **Brady** and **Napue** by failing to disclose the motel registration from the night and question, that finding does not necessarily result in a new trial. Both **Brady** and **Napue** require a finding that the violations have some affect on the judgment before the violations result in a new trial. Under the standard set forth in **Napue**, "when a prosecutor knowingly relies on false testimony, the conviction must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." **Are, 590 F.3d at 509 (quoting Braun v. Powell, 227 F.3d 908, 920 (7th Cir. 2000) (quotations omitted))**. Under **Brady's** third prong, "[e]vidence is material [and thus results in a new trial] f there is a 'reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" **Pavilos, 486 F.3d at 255 (quoting United States v. Bagley, 473 U.S. 667, 682, 105 S.Ct. 3375, 8 L.Ed.2d 481 (1985))**.

However, the Seventh Circuit has stated in the past that the standard in **Brady** and **Napue** are the same when the failure to correct the false statement was in no distinct way different from the **Brady** violation. **Mataya v. Kingston, 371 F.3d 353, 358-59 (7th Cir. 2004) (Napue and Brady violations "likely to merge in a case such as this in which the value of the withheld evidence to the defense was its potential utility for impeaching the government's witness as a liar.")**. While later acknowledging that the standards were distinct but that in **Mataya** the



PLAINTIFF Page 18 of 26

EXHIBIT 1 B



## INSTRUCTIONS FOR FILING A COMPLAINT BY A
## PRISONER UNDER CIVIL RIGHTS ACT, 42 U.S.C. § 1983

> NOTICE: The law has changed! The Prisoners Litigation Reform Act requires prisoners to exhaust available administrative remedies before filing a suit with respect to the conditions of confinement or the effects of action by government officials on the lives of persons confined in prison. In addition, the Act requires a prisoner to pay a **$350.00 filing fee**, although the fee may be paid in installments.

**These forms are not to be used for filing a Petition for Writ or Habeas Corpus, or to challenge the validity of a state conviction for a criminal offense.**

Enclosed are four copies of a Complaint form with one Application to Proceed In Forma Pauperis and Affidavit, an Explanation of Filing Fees and Proceeding In Forma Pauperis, an Authorization to Release Institutional Account Information and To Pay Filing Fee, and three U.S. Marshal Process and Receipt Forms.

1. Your Complaint can be brought in this Court only if one or more of the named defendants are located within the Southern District of West Virginia (counties south of and including Wood, Wirt, Roane, Clay, Nicholas and Greenbrier), or if your claim arose in this District. Further, you must file a separate complaint for each claim that you have unless they are all related to the same incident or issue.

2. You must file an original complaint plus one copy of the complaint for each defendant you name. Use 8-1/2 X 11 inch paper. For example, if you name two defendants, you must file the original and two copies of the complaint. You should also keep an additional copy of the complaint for your own records. All copies of the complaint must be identical to the original. The original complaint must bear an original signature from each plaintiff. Your complaint must be legibly written or typewritten and you are required to give facts. THE COMPLAINT SHOULD NOT CONTAIN LEGAL ARGUMENTS OR CITATIONS. The plaintiff or plaintiffs must include his/her inmate registration number. If you need additional space to answer a question, you may use the reverse side of the form or an additional blank page.

3. If you have **$350.00**, send a check or money order for **$350.00** per complaint payable to "Clerk, U.S. District Court". If you are unable to pay the **$350.00** filing fee, complete and sign an Application to Proceed in Forma Pauperis and Affidavit for each plaintiff (see Explanation of Filing Fees and Proceeding In Forma Pauperis).

4. Complete and sign one U.S. Marshal Process and Receipt Form for each defendant named in the complaint.

5. When all these forms are completed, mail them to:   Clerk, United States District Court
   110 North Heber Street, Room 119
   Beckley, WV 25801

6. Documents certified as true under penalty of perjury do not need to be notarized. See 28 U.S.C. § 1746.