# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

**REX HATFIELD**, *et al.*,  )
)
      **Plaintiffs**,  )
)
**v.**  )     **Civil Action No. 5:11-0498**
)
**ROBERT L. GARRISON**, *et al.*,  )
)
      **Defendants.**  )

## PROPOSED FINDINGS AND RECOMMENDATION

On July 22, 2011, Plaintiffs, acting *pro se* and in confinement at FCI Beckley, Beckley, West Virginia, filed their Application to Proceed Without Prepayment of Fees and Complaint in this matter claiming entitlement to relief for alleged violations of their constitutional rights pursuant to <u>Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).[1] (Document Nos. 1, 3, 5 and 7.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 6.)

## FACTUAL AND PROCEDURAL HISTORY

    **A.**    **Criminal proceedings.**

By Superseding Indictment filed in the United States District Court for the Southern District of Illinois on May 22, 2008, Plaintiffs were charged with one count of Conspiracy to Commit Pharmacy Burglaries, in violation of 18 U.S.C. §§ 2118(b) and (d) (Count One); one count of

---

[1] Because Plaintiffs are acting pro se, the documents which they have filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Conspiracy to Distribute and Possess with the Intent to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(c), and 846 (Count Two); and Count Two alleged that the distribution of those drugs resulted in the death or serious bodily injury of six individuals. United States v. Hatfield, Case No. 3:08-cr-30020 (S.D.IL. Mar. 20, 2009), Document No. 43. Following a 14-day jury trial, Plaintiffs were convicted on October 29, 2008, of both counts as charged in the Indictment. Id., Document Nos. 170 - 173. Concerning Count Two, the jury returned Special Jury Verdicts finding: (1) that the distribution of controlled substances by both Plaintiffs resulted in the death of Carol Walker and the serious body injury of Richard Ward (Id., Document Nos. 176, 177, 178, 181.); (2) that the distribution of controlled substances by Plaintiff Rex Hatfield resulted in the deaths of Deborah Smith and Mark Honaker (Id., Document Nos. 174 - 175.); and (3) that the distribution of controlled substances by Plaintiff Everly Hatfield resulted in the death of Jimmy Dishmon (Id., Document No. 180.). On January 30, 2009, the District Court ordered that Plaintiff Rex Hatfield "be imprisoned for a total term of Life Imprisonment. This consists of a term of 120 months on Count 1, and life imprisonment on Count 2, both counts to be served concurrently." (Id., Document Nos. 220 and 238.) The District Court further imposed a three-year term of supervised release. (Id.) On March 20, 2009, the District Court ordered that Plaintiff Everly Hatfield "be imprisoned for a total term of Life Imprisonment. This term consists of a term of 120 months on Count 1, and life imprisonment on Count 2, both Counts to be served concurrently." (Id., Document No. 235.) The District Court further imposed a three-year term of supervised release. (Id.)

      On March 6, 2009, Plaintiff Rex Hatfield, by counsel, filed a Notice of Appeal. (Id., Document No. 224.) On March 27, 2009, Plaintiff Everly Hatfield, by counsel, filed a Notice of Appeal. (Id., Document No. 240.) In their appeals, Plaintiffs challenged the District Court's wording of the Special Jury Instruction as to the meaning of the statutory term "resulting from" as it related to the distribution

count. United States v. Hatfield, 591 F.3d 945 (7th Cir. Jan. 14, 2010). On January 14, 2010, the Seventh Circuit affirmed Plaintiffs' convictions for conspiracy to burglarize pharmacies and distribution of controlled substances and reversed and remand as to the "results from" charge. Id. Specifically, the Seventh Circuit determined that the District Court erred in including additional language explaining the meaning of the statutory term "results from" in the Special Jury Instruction. Id.

On remand, the United States filed a "Motion to Dismiss Portions of the Superceding Indictment" concerning the "resulting from" portions of Count Two. Hatfield, Case No. 3:08-cr-30020, Document No. 279. Specifically, the United States stated that they had elected not to re-try the allegations in Count Two of the Superceding Indictment relating to (1) the deaths of Deborah Ann Smith, Mark D. Honaker, Carol S. Walker, and Jimmy Dishmon, and (2) the serious physical injury to Richard F. Ward. (Id.) Plaintiffs objected to the dismissal of the allegations. (Id., Document No. 281.) On April 29, 2010, the District Court granted the United States' Motion and dismissed all of the "resulting from" allegations and set the case for re-sentencing. (Id.) On August 13, 2010, Plaintiffs filed a "Motion for New Trial Based On Newly Discovered Evidence." (Id., Document No. 292.) Specifically, Plaintiffs alleged that the United States committed Brady and Napue violations.[2] (Id.) First, Plaintiffs contended the United States violated Brady by failing to turn over registration records at the Knights Inn (formerly the Econo Lodge) where Plaintiffs were allegedly staying the night before Jimmy Dishmon's death. (Id.) Next, Plaintiffs argued that the United States violated Napue by failing

---

[2] In their Motion for New Trial, Plaintiffs argued that the "suppressed evidence shows that the government's two key witnesses made up detailed lies about Jimmy Dishmon's death. Both witnesses had motive to lie and were impeached at trial on other matters. It's no stretch to conclude that the jury, in the face of such convincing evidence of false testimony on this issue, may have decided not to believe the government's key witnesses on other issues as well." *Hatfield*, Case No. 3:08-cr-30020, Document No. 292, p. 12.

to correct Pamela Hatfield and Shiela Acklin's testimony regarding whether they registered at the hotel on the night in question even though the United States knew the testimony was false. (Id.) The District Court conducted and Evidentiary Hearing on September 10, 2010. (Id., Document No. 305.) By Order entered on November 2, 2010, the District Court denied Plaintiffs' "Motion for New Trial Based on Newly Discovered Evidence" finding that the United States' errors were not material. (Id., Document No. 308.) Specifically, the District Court stated as follows:

> In conclusion, the Court finds that while the Government failed to turn over the hotel register and failed to correct the testimony of Pamela Hatfield and Shiela Acklin when they testified they had registered at the hotel, the Defendants have not shown that the use of that impeaching evidence at trial in a reasonable likelihood that the evidence could have affected the judgment of the jury or changed the outcome of the trial. While the Government violated *Brady* and *Napue* in failing to turn over the register, the Court finds that both Sheila and Pamela were credible witnesses whose testimony would have been unaffected by yet another form of impeachment evidence. The witnesses' testimony withstood numerous challenges to their credibility and this Court finds it doubtful that the additional challenges would have made a difference. The jury carefully considered the testimony, impeaching evidence, and credibility of the witnesses in determining Defendant's guilt. Further, the evidence regarding the other deaths and charges in the Indictment was overwhelming and, in most instances, did not depend on the credibility of Sheila and Pamela. Therefore, the Court finds that the errors of the Government were not material and thus DENIES Defendants' motion for new trial.

(Id.) On November 16, 2010, Plaintiffs, by counsel, filed Notices of Appeal concerning the District Court's denial of their Motion for New Trial. (Id., Document Nos. 312 - 313.) On November 30, 2010, the Seventh Circuit dismissed Plaintiffs' appeal pursuant to Plaintiffs' motions for voluntarily dismissal. (Id., Document No. 319.) The District Court re-sentenced Plaintiffs on December 3, 2010, to "360 months. This sentence consists of a term of 120 months on Count 1 and a term of 240 months on Count 2, all such terms to be served consecutively." (Id., Document Nos. 327, 330, 332, and 336.) The District Court further imposed a three year term of supervised release. (Id.) On December 17, 2010, Plaintiffs filed their Notices of Appeal concerning their sentences. (Id., Document No. 340 and

343.) Also on December 17, 2010, Plaintiff Everly Hatfield filed a Notice of Appeal concerning the District Court's denial of the Motion for a New Trial. (Id., Document No. 343.) The Seventh Circuit affirmed the District Court on June 14, 2011. United States v. Hatfield, 423 Fed.Appx. 648 (7th Cir. 2011). Plaintiffs filed petitions for certiorari in the United States Supreme Court, which were denied on October 31, 2011. Hatfield v. United States, 132 U.S. 523, 181 S.Ct. 367, 181 L.Ed.2d 367 (2011); Hatfield v. United States, 132 U.S. 536, 181 S.Ct. 376, 181 L.Ed.2d 376 (2011).

   **B.    Plaintiffs' present filings.**

On July 22, 2011, Plaintiffs, acting *pro se*, filed their Complaint in this matter claiming entitlement to relief pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971). (Document No. 5.) Plaintiffs name the following as defendants: (1) Robert L. Garrison, Assistant United States Attorney; (2) Ralph Moore, DEA Agent; and (3) Davy Pierson, Assistant Chief of Police. (Id., p. 4.) Plaintiffs claim that Defendants violated their constitutional rights during their 2008 criminal trial. (Id., pp. 4 -5.) First, Plaintiffs contend Defendants Garrison and Moore conspired to deprive Plaintiffs of their right to a fair trial by withholding exculpatory evidence. (Id., p. 4.) Next, Plaintiffs assert that Defendant Garrison violated their right to due process by failing to correct false testimony by Pam Hatfield and Shiela Ackins. (Id.) Finally, Plaintiffs allege that Defendants Garrison, Moore, and Pierson acted "vindictively with malice and evil, conceived in the spirt of mischief, conspired to frame the Hatfields with distributing drugs." (Id., pp. 4 - 5.) Plaintiffs contend that the Seventh Circuit reversed their sentences, which proves Defendants conspired to frame the Plaintiffs. (Id., p. 5.) As Exhibits, Plaintiffs attach certain pages from the United States District Judge David R. Herndon's Order denying Plaintiffs' Motion for a New Trial as filed in United States v. Hatfield, Case No. 3:08-cr-30020 (S.D.IL. Mar. 20, 2009). (Id., pp. 8 - 10.)

5

On August 10, 2011, Plaintiffs filed a Motion to Amend Complaint. (Document No. 7.) Plaintiff Rex Hatfield contends he has "learned from newly discover evidence that Robert Garrison and the U.S. Marshals Office refused me desperately needed medical attention in violation of the Eighth Amendment." (Id.) Plaintiff Rex Hatfield states that he has "waited seven months in the jail to see a psychiatrist and lung doctor." (Id.) As an Exhibit, Plaintiff Rex Hatfield attaches of copy of his medical records from 2008 - 2009 obtained from the Washington County Hospital, Nashville, IL (Document No. 9.)

On November 14, 2011, Plaintiffs filed a Motion for Default Judgment. (Document No. 14.) Specifically, Plaintiffs state as follows:

> The complaint in the above case was filed in this Court on 22nd day of July, 2011. The complaint was duly served on the defendants Robert L. Garrison, Ralph Moore, and Davy Pierson. No answer or other defense has been filed by the defendants. Default was entered in the civil docket in the office of the clerk [and] no proceedings have been taken by the defendants. The default was entered. Defendant was not in military service and is not an infant or incompetent as appears in the declaration of Rex Hatfield submitted herewith.

(Id.) Plaintiffs, therefore, request that the Court "enter a judgment that awards monetary damages as found in the complaint." (Id.) In support, Plaintiff Rex Hatfield filed a "Declaration for Entry of Default." (Document No. 13.)

On February 21, 2012, Plaintiff Rex Hatfield filed an Affidavit in support of the Complaint. (Document No. 17.) Plaintiff states that "Assistant United States Attorney Robert L. Garrison and Drug Enforcement Agent Ralph Moore attempted to make their names famous and advance their careers by fabricating a highly sophisticated crime ring by using us, Hatfields, as their target." Plaintiff contends that Defendants "found a judge for hire, David Herndon, who is selling his services." (Id.) Plaintiff contends that Judge Herndon "allowed the prosecutor, Robert Garrison, to go get thousands of different kinds of pills from local pharmacies and display in baggies on black boards directly in

front of the jury supposedly for demonstrative purposes only, but on the third day of trial those same drugs were entered into evidence which made it look like they were confiscated from us." (Id.) Next, Plaintiff contends that he was improperly denied a psychiatric evaluation and treatment for his mental illnesses. (Id.) Plaintiff states that "on the seventh day of trial my mental health issues became such a problem for me that as soon as court was over, I was rushed to Washington County Hospital where I was placed on Seroquel medication so that I would remain in a medically induced coma for the remainder of the trial." (Id.) Plaintiff, therefore, contends that he was not competent to stand trial. (Id.) Third, Plaintiff contends that Plaintiffs were improperly prosecuted for burglarizing pharmacies, which were committed by other individuals. (Id., p. 2.) Fourth, Plaintiff contends that Defendant Garrison engaged in prosecutorial misconduct by making documents and evidence available for witnesses to review prior to their testimony. (Id., p. 3.) Finally, Plaintiff states that Judge Herndon improperly enhanced Plaintiffs' sentences pursuant to U.S.S.G. § 2D1. (Id., p. 4.)

As Exhibits, Plaintiffs attach the following: (1) A copy of the "Index of Witness Examination" and "Index of Exhibits" as filed in United States v. Hatfield, Case No. 3:08-cr-30020 (S.D.IL. Mar. 20, 2009) (Document No. 17-1, pp. 1 - 2.); (2) A copy of pertinent pages from the transcripts of the jury trial in United States v. Hatfield, Case No. 3:08-cr-30020 (S.D.IL. Mar. 20, 2009) (Id., pp. 3, 6 - 8, 14 - 28, 31 - 35, and 37.); (3) A copy of Plaintiff Rex Hatfield's medical records (Id., pp. 4 - 6, 9 - 12.); (4) A copy of a letter from Joseph Walker stating that "I feel both Hatfield men have been wrongly accused of the death of my late wife" (Id., p. 29.); (5) A copy of a letter from Donna Fraley stating that Beverly Dishmon was advised not to attend Plaintiffs' criminal trial (Id., p. 30.); and (6) A copy of United States v. Smith, 2007 U.S. Dist. Lexis 88398 (S.D.Ill. Dec. 3, 2007) (Id., p. 36.)

## THE STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiffs' allegations in view of applicable law.

## DISCUSSION

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. at 395-97, 91 S.Ct. at 2004-05; See also Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending Bivens to Eighth Amendment claims); Davis v. Passman, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending Bivens to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth

8

Amendment.) A <u>Bivens</u> action is the federal counterpart of an action under 42 U.S.C. § 1983. An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under <u>Bivens</u> must show the violation of a valid constitutional right by a person acting under color of federal law.[3] The United States Supreme Court has held that an inmate may name a federal officer in an individual capacity as a defendant in alleging an Eighth Amendment constitutional violation pursuant to <u>Bivens</u>. See <u>Wilson v. Seiter</u>, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). However, <u>Bivens</u> claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. See <u>FDIC v. Meyer</u>, 510 U.S. 471, 475, 484-86, 114 S.Ct. 996, 127 L.Ed. 2d 308 (1994); <u>Berger v. Pierce</u>, 933 F.2d 393, 397 (6th Cir. 1991); <u>Reinbold v. Evers</u>, 187 F.3d 348, 355 n. 7 (4th Cir. 1999).

---

[3] Inmates may file claims of liability against the United States under the FTCA but may not assert claims of personal liability against prison officials for violations of their constitutional rights. *Carlson v. Green*, 446 U.S. at 21-23, 100 S.Ct. at 1472 -74. By contrast, under *Bivens* inmates may assert claims of personal liability against individual prison officials for violations of their constitutional rights but may not assert claims against the government or prison officials in their official capacities. The Supreme Court held in *Carlson*, 446 U.S. at 18 - 21, 100 S.Ct. at 1471-72, that an inmate could pursue a *Bivens* action independent of a FTCA action. The Court found that Congress did not intend to pre-empt a *Bivens* remedy when it enacted the FTCA. *Id.* The Court noted that the legislative history of the FTCA "made it crystal clear that Congress views FTCA and *Bivens* as parallel, complementary causes of action." *Id.*, 446 U.S. at 19 - 20, 100 S.Ct. at 1471 -72. Relying upon *Carlson*, the Fourth Circuit found that the availability of relief under the FTCA does not automatically foreclose a *Bivens* action. *Dunbar Corp v. Lindsey*, 905 F.2d 754, 762 (4th Cir. 1990). The Court pointed out other distinctions between FTCA and *Bivens* actions in *Dunbar Corp.*: (1) only compensatory damages are available in FTCA actions, whereas compensatory and punitive damages are available under *Bivens* and (2) FTCA claims must be tried to the Court, whereas *Bivens* claims may be tried to a jury. *Id*.

1.   **<u>Heck</u>:**

Plaintiffs allege that their constitutional rights were violated during the course of their criminal prosecution in the Southern District of Illinois. (Document Nos. 5 and 17.) Plaintiffs name as Defendants AUSA Garrison, DEA Moore, and Officer Pierson. (<u>Id.</u>) Plaintiffs essentially contend that they were convicted for conspiracy to burglarize pharmacies and distribution of controlled substances as a result of a conspiracy to frame them and prosecutorial misconduct. Specifically, Plaintiffs contend that Defendants Garrison and Moore improperly withheld exculpatory evidence. Plaintiffs further allege that Defendant Garrison failed to correct false testimony by Pam Hatfield and Shiela Ackins. In an Affidavit, Plaintiff Rex Hatfield asserts that he was incompetent to stand trial, that Defendant Garrison improperly provided evidence to witnesses prior to their testimony, and Judge Herndon improperly admitted evidence at trial.[4] Given the nature of Plaintiff's allegations, it appears that Plaintiffs are implying that their convictions for conspiracy to burglarize pharmacies and distribution of controlled substances are invalid as a result of various constitutional violations during their criminal trial in the Southern District of Illinois. Consequently, the undersigned finds that Plaintiffs have failed to state a cognizable claim under <u>Bivens</u> pursuant to <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). <u>See</u> <u>Messer v. Kelly</u>, 129 F.3d 1259 (4th Cir. 1997)(stating that the rationale in *Heck* applies in *Bivens* actions). In <u>Heck</u>, the United States Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A

---

[4] To the extent Plaintiffs wish to challenge the validity of their convictions, Plaintiffs should file a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody in the Southern District of Illinois.

claim for damages bearing the relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983.

Id. at 486-87, 114 S.Ct. 2372. See also Ballenger v. Owens, 352 F.3d 842 (4th Cir. 2003)(holding that an arrestee's Section1983 claim was not cognizable against state trooper, alleging unreasonable search and seizure, under *Heck,* since judgment in arrestee's favor would have implied the invalidity of conviction). Plaintiffs appealed their convictions in Criminal Action No. 08-30020 to the Seventh Circuit Court of Appeals, and the Seventh Circuit affirmed Plaintiffs' convictions for conspiracy to burglarize pharmacies and distribution of controlled substances[5] and reversed and remanded as to the "results from" charge.[6] Id. Specifically, the Seventh Circuit determined that the District Court erred

---

[5] The Seventh Circuit stated that Plaintiffs' "convictions for conspiracy to burglarize pharmacies and distribute controlled substances were supported by overwhelming evidence unrelated to the evidence of the causes of the injury and deaths. *Hatfield*, 591 F.3d at 953.

[6] Plaintiffs incorrectly insinuate that their convictions were overturned based upon the withholding of exculpatory evidence and Defendant Garrison's failure to correct false testimony. The Court notes that the Seventh Circuit did reverse Plaintiffs' "results from" charge finding that the District Court erred in including additional language explaining the meaning of the statutory term "results from" in the Special Jury Instruction. Plaintiffs, however, do not allege that Defendant Garrison violated their constitutional rights by presenting the Special Jury Instruction to the District Court. Even assuming Plaintiffs did allege such a violation, the Court finds that Defendant Garrison is entitled to prosecutorial immunity for such an act. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 341 - 343, 129 S.Ct. 855, 860 - 862, 172 L.Ed.2d 706 (2009)(Prosecutors have absolute immunity for activities performed as "an officer of the court" if the conduct at issue is closely associate with the judicial phase of the criminal process.); *Burns v. Reed*, 500 U.S. 478, 486, 111 S.Ct. 1934, 1939, 114 L.Ed.2d 547 (1991)(*quoting Imbler*, 424 U.S. at 430 - 431, 96 S.Ct. at 995)(Prosecutors are absolutely immune "for their conduct in initiating a prosecution and in presenting the State's case, insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'") Although Plaintiffs have failed to name Judge Herndon as a party, the Court will briefly consider whether Plaintiffs have presented a valid claim against him. To the extent Plaintiffs are claiming that Judge Herndon violated their constitutional rights by giving an improper jury instruction, the Court finds that Judge Herndon is entitled to judicial immunity as he was acting fully within his judicial capacity. *See Imbler v. Patchman*, 424 U.S. 409, 419, 96 S.Ct. 984, 990, 47 L.Ed.2d 128 (1976)(Judicial "immunity applies even when the judge is accused of acting maliciously and corruptly, and it 'is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences."); *Jackson v. Houck*, 181 Fed.Appx. 372 (4th Cir.

in including additional language explaining the meaning of the statutory term "results from" in the Special Jury Instruction. Id. On remand, the District Court granted the United States' "Motion to Dismiss Portions of the Superceding Indictment" concerning the "resulting from" portions of Count Two. Plaintiffs then filed a "Motion for New Trial Based on Newly Discovered Evidence" alleging that the United States committed Brady and Napue violations. Although the District Court found that the United States withheld exculpatory evidence and failed to correct false testimony, the District Court denied the Motion for New Trial finding that the errors were not material. The District Court re-sentenced Plaintiffs upon their convictions for conspiracy to burglarize pharmacies and distribution of controlled substances. Plaintiffs appealed to the Seventh Circuit and the Seventh Circuit affirmed the District Court. Plaintiffs requested review in the United States Supreme Court, and the Supreme Court denied it. Plaintiffs have failed to file any *habeas* petitions. The undersigned, therefore, finds that because Plaintiffs have not demonstrated that their criminal convictions for conspiracy to burglarize pharmacies and distribution of controlled substances have been invalidated, Plaintiff's Bivens claim is not cognizable pursuant to Heck.[7] Accordingly, the undersigned respectfully

---

2006)(quoting *Mireles v. Waco*, 502 U.S. 9, 12-13, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991))(The doctrine of judicial immunity "attaches even if the act in question was in excess of [the judge's] authority.").

[7] Even assuming Plaintiffs' claims were not precluded by *Heck*, Plaintiffs claim that they are entitled to relief based upon the withholding of exculpatory evidence and failure to correct false testimony by Defendant Garrison is without merit. A prosecutor is entitled to absolute immunity even if he or she "acted with an improper state of mind or improper motive." *Shmueli v. City of New York*, 424 F.3d 231, 237 (2nd Cir. 2005); *also see Smith v. McCarthy*, 349 Fed.Appx. 851, 859 (4th Cir. 2009), *cert. denied*, ___ U.S. ___, 131 S.Ct. 81, 178 L.Ed.2d 26 (2010); *Brown v. Daniel*, 230 F.3d 1351 (4th Cir. 2000)("[T]o the extent [plaintiff] alleges that the prosecutors engaged in misconduct during the prosecution of this case . . ., the prosecutors are absolutely immune."). Thus, prosecutors are entitled to absolute immunity for withholding materially exculpatory evidence, and knowingly presenting perjured testimony or false or misleading evidence to the Court or grand jury. *Burns*, 500 U.S. at 490-92, 111 S.Ct., at 1941-42("A state prosecuting attorney is absolutely immune from liability for damages under § 1983 for participating in a probable-cause hearing . . .."); *Imbler*, 424

recommends that Plaintiffs' above claims be dismissed.

**2.     Eighth Amendment:**

The Eighth Amendment protects against the infliction of "cruel and unusual punishments." As a general matter, prohibited punishments include those which "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976)(quoting Gregg v. Georgia, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)). "It not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). Thus, under the Eighth Amendment, sentenced prisoners are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." Wolfish v. Levi, 573 F.2d 118, 125 (2d Cir. 1978), rev'd on other grounds, Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). See also Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994)(Supreme Court noted that Eighth Amendment imposes certain duties upon prison officials to "ensure that inmates receive adequate food, clothing, shelter and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'"), quoting Hudson v. Palmer, 468 U.S. 517, 526 - 27, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984)); Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981)(Court held that only those conditions depriving inmates of "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation). The Eighth Amendment "does not mandate comfortable prisons." Rhodes v. Chapman, 452 U.S. at 349,

---

U.S. at 422, 96 S.Ct. 984 at 991(citing *Yaselli v. Goff*, 275 U.S. 503, 48 S.Ct. 155, 72 L.Ed. 395 (1927))(finding prosecutor entitled to absolute immunity for allegations that he "maliciously and without probable cause procured plaintiff's grand jury indictment by the willful introduction of false and misleading evidence."); *also see Brown v. Daniel*, 230 F.3d at 1352; *Lyles v. Sparks*, 79 F.3d 372, 377 (4th Cir. 1996); *Carter v. Burch*, 34 F.3d 257, 263 (4th Cir. 1994), *cert. denied*, 513 U.S. 1150, 115 S.Ct. 1101, 130 L.Ed2d 1068 (1995).

101 S.Ct. at 2400. "To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id. at 347, 101 S.Ct. at 2399; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995), citing Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); Lopez v. Robinson, 914 F.2d 486, 490 (4th Cir. 1990). To establish a violation of the Eighth Amendment in the context of a challenge to conditions of confinement, an inmate must allege (1) a "sufficiently serious" deprivation under an objective standard and (2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. Wilson v. Seiter, 501 U.S. 294, 297-99, 111 S.Ct. 2321, 2323 - 2325, 115 L.Ed.2d 271 (1991). A sufficiently serious deprivation occurs when "a prison official's act or omission . . . result[s] in the denial of the minimal civilized measure of life's necessities.'" Id. at 298, 111 S.Ct. 2321 (citing Rhodes v. Chapman, 452 U.S. at 347, 101 S.Ct. 2392)."In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements – that 'the deprivation of [a] basic human need was objectively sufficiently serious,' and that 'subjectively the officials act[ed] with a sufficiently culpable state of mind.'" Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995)(quoting Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993)(quotation omitted)). See also White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1991)("In *Strickler*, we held that a prisoner must suffer 'serious or significant physical or mental injury' in order to be 'subjected to cruel and unusual punishment within the meaning of the' Eighth Amendment.") The touchstone is the health of the inmate. Plaintiff in this case must therefore allege in the first place and eventually establish a "sufficiently serious" deprivation of medical care and resulting "serious or significant physical or mental injury" in order to maintain and prevail upon his Eighth Amendment claim.

To establish the subjective component of deliberate indifference, an inmate must allege and prove each defendant's consciousness of the risk of harm to the inmate. See Farmer, supra, 511 U.S.

14

at 840, 114 S.Ct. at 1980. In particular, an inmate must establish that the prison official "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, supra, 511 U.S. at 837, 114 S.Ct. at 1979. An inmate may satisfy the subjective component of standard by showing that prison officials' delay in providing medical treatment caused unnecessary pain or the worsening of his condition. Miltier v. Beorn, 896 F.2d 848, 853 (4th Cir. 1990)("Failure to respond to an inmate's known medical needs raises an inference that there was deliberate indifference to those needs."); Cameron v. Sarraf, 128 F.Supp.2d 906, 911 - 912 (E.D.Va. 2000)("Yet, it is equally clear that mere negligence or delay is not sufficient to establish deliberate indifference.").

Plaintiffs fail to allege facts sufficient to satisfy the subjective component of deliberate indifference. To satisfy the subjective component, Plaintiffs must allege each Defendant's consciousness of the risk of harm to him. See Farmer, supra, 511 U.S. at 840, 114 S.Ct. at 1980. Plaintiffs, however, fail to allege that Defendants knew of and disregarded an excessive risk to their health or safety. Plaintiff Rex Hatfield merely states that Defendants denied him adequate medical treatment because he has "waited seven months in the jail to see a psychiatrist and lung doctor." There is no indication in Plaintiffs' Complaint that Defendants were aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, or that Defendants drew that inference. Plaintiff's conclusory allegation that Defendant Garrison and the U.S. Marshal Service[8] failed to

---

[8] *Bivens* claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. *See FDIC v. Meyer*, 510 U.S. 471, 475, 484-86, 114 S.Ct. 996, 127 L.Ed. 2d 308 (1994); *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991); *Reingold v. Evers*, 187 F.3d 348, 355 n. 7 (4th Cir. 1999). Accordingly, the Court first finds that Plaintiff improperly names the United States Marshal Service as a defendant.

provide psychological and medical treatment is insufficient to state a claim under the Eighth Amendment. (Document No. 7.) Furthermore, the Court notes that prison medical officials are responsible for providing adequate psychological and medical treatment to inmates. Thus, Defendants do not have authority concerning the medical treatment provided to Plaintiffs during their incarceration. Accordingly, the undersigned finds that Plaintiffs' allegations cannot be construed to implicate a constitutional right for the violation of which relief can be granted under <u>Bivens</u>. Plaintiffs' above claims must therefore be dismissed.

### 3. Motion for Default Judgment:

Plaintiffs request that the District Court enter default judgment pursuant to Rule 55(a) of the Federal Rules of Civil Procedure because "no answer or other defense has been filed by the defendants." (Document No. 14.) Rule 55(a) of the Federal Rules of Civil Procedure permits the entry of default judgment "[w]hen a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules . . .." After reviewing all of the pleading and filings in this case, the undersigned finds that Defendants did not default by failing to respond to Plaintiffs' Complaint. The record reflects that at the time Plaintiffs filed their Motion for Default Judgment, Defendants had not been served with process and were not required to respond to Plaintiff's Complaint. Accordingly, Plaintiffs' Motion should be denied.

### PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Plaintiffs' Applications to Proceed Without Prepayment of Fees (Document Nos. 1 and 3.), **DENY** Plaintiffs' Motion for Default Judgment (Document No. 14.), **DISMISS** Plaintiffs' Complaint (Document Nos. 5 and 7.), and remove this matter from the Court's docket.

The Plaintiffs are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiffs shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiffs, who are acting *pro se*, and transmit a copy to counsel of record.

Date: March 12, 2012.

R. Clarke VanDervort
United States Magistrate Judge