IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

REX HATFIELD, et al.,

            Plaintiffs,

v.                                  CIVIL ACTION NO.  5:11-cv-00498

ROBERT L. GARRISON, et al.,

            Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed Plaintiffs' Complaint (Documents 5 and 7), wherein Plaintiffs claim an entitlement to relief for alleged violations of their constitutional rights pursuant to *Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiffs name the following as Defendants: (1) Robert L. Garrison, Assistant United States Attorney; (2) Ralph Moore, DEA Agent; and (3) Davy Pierson, Assistant Chief of Police. (Document 5 at 4.)  By Standing Order (Document 2) entered on July 22, 2011, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636.

On March 12, 2012, Magistrate Judge VanDervort submitted his Proposed Findings and Recommendations ("PF&R"), wherein it is recommended that the Court deny Plaintiffs' Applications to Proceed Without Prepayment of Fees (Documents 1 and 3), deny Plaintiffs' Motion for Default Judgment (Document 14), dismiss Plaintiffs' Complaint (Documents 5 and 7) and remove this matter from the Court's docket.  Plaintiff Rex Hatfield was granted an

extension of time to file objections to the PF&R, which he subsequently filed on March 30, 2012 (Document 23).

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

In the PF&R, Magistrate Judge VanDervort explains in great detail the relevant facts and procedural history surrounding Plaintiffs' claims. Plaintiffs' do not object to or dispute the general facts contained in the PF&R. Therefore, the Court hereby incorporates the facts and procedural history included in the PF&R. Nevertheless, the Court provides a brief summary of the salient facts contained in the PF&R without further citation to the record.

### A. *Criminal Convictions*

On October 29, 2008, Plaintiffs Rex and Everly Hatfield were convicted on a two count Superseding Indictment in the United States District Court for the Southern District of Illinois. In Count One, Plaintiffs were convicted of Conspiracy to Commit Pharmacy Burglaries, in violation of 18 U.S.C. §§ 2118(b) and (d). In Count Two, Plaintiffs were convicted of Conspiracy to Distribute and Possess with the Intent to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(c), and 846. As part of Count Two, the jury returned Special Jury Verdicts finding the Plaintiffs' distribution of drugs resulted in the death and/or serious bodily injury of several individuals.[1] Plaintiffs Rex and Everly Hatfield were both originally sentenced to a total term of life imprisonment, which consisted of one hundred twenty (120) months on Count One, and life imprisonment on Count Two. The sentences for both counts were to be served concurrently.

---

[1] The jury found both Plaintiffs' distribution of controlled substances resulted in the death of Carol Walker and the serious body injury of Richard Ward. Further, the jury found Plaintiff Rex Hatfield's distribution of controlled substances resulted in the deaths of Deborah Smith and Mark Honaker. Finally, the jury found Plaintiff Everly Hatfield's distribution of controlled substances resulted in the death of Jimmy Dishmon.

2

Plaintiffs appealed the Special Jury Instruction defining the term "resulting from" as it related to their conviction on Count Two. The Seventh Circuit entirely affirmed the convictions on Count One. Although the Seventh Circuit affirmed Plaintiffs' substantive convictions on Count Two, the appellate court reversed and remanded Count Two based on an error in the Special Jury Instruction relating to "resulting from." On remand, the Government moved to dismiss the allegations in Count Two relating to the distribution of drugs resulting in the death and/or serious bodily injury of several individuals. The District Court granted this motion and dismissed the "resulting from" allegations (contained in Count Two) over Plaintiffs' objection and set the case for re-sentencing.

Several months later, Plaintiffs moved for a new trial based on newly discovered evidence. Plaintiffs contended the Government committed *Brady*[2] and *Napue*[3] violations during the 2008 prosecution. First, Plaintiffs argued the Government violated *Brady* by failing to turn over exculpatory evidence relating to hotel registration records. Plaintiffs argued the Government violated *Napue* by failing to correct the false testimony of two witnesses at trial when they knew the information was false. The District Court denied Plaintiffs' motion for a new trial finding that the Governments' errors were not material. This decision was affirmed on appeal. Plaintiffs Rex and Everly Hatfield were both re-sentenced to a total term of three hundred sixty (360) months in prison, which represented one hundred twenty (120) months on Count One and two hundred forty (240) months on the substantive conviction on Count Two. The sentences for both counts are to be served concurrently.

---

[2] A prosecutor must disclose to a defendant all exculpatory evidence known to the prosecution or in the government's possession if the evidence is material to the guilt or innocence of a defendant. *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972); *United States v. Agurs*, 427 U.S. 97 (1976); *United States v. Bagley*, 473 U.S. 667 (1985).

[3] "[A] conviction obtained through use of false evidence, known to be such by representatives of the State, must fall under the Fourteenth Amendment." <u>Napue v. People of State of Ill.</u>, 360 U.S. 264, 269 (1959).

### B. Plaintiffs' present claims

Plaintiffs claim Defendants violated their constitutional rights during their 2008 criminal trial. First, Plaintiffs allege Defendants Garrison and Moore conspired to deprive them of their right to a fair trial by withholding exculpatory evidence. (Document 5 at 4.) Next, Plaintiffs allege Defendant Garrison violated their due process rights by failing to correct the false testimony of two witnesses. (*Id.*) Lastly, Plaintiffs allege Defendants Garrison, Moore, and Pierson "vindictively with malice and evil, conceived in the spirit of mischief, conspired to frame [them] with distributing drugs." (*Id.* at 4-5.) On August 10, 2011, Plaintiffs filed a Motion to Amend Complaint (Document 7), wherein Plaintiff Rex Hatfield contends he has "learned from newly discovered evidence that Robert Garrison and the U.S. Marshals Office refused me desperately needed medical attention in violation of the Eighth Amendment." (Document 7 at 1.) In support, Plaintiff states he "waited seven months in jail to see a psychiatrist and lung doctor." (*Id.*) It appears only Plaintiff Rex Hatfield alleges an Eighth Amendment violation. On November 14, 2011, Plaintiffs filed a Motion for Default Judgment (Document 14), wherein they argue default judgment should be entered because the Defendants failed to timely respond to their Complaint.

## II.   STANDARD OF REVIEW

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the

magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). When reviewing portions of the PF&R *de novo*, the Court will consider the fact that Plaintiffs are acting *pro se*, and their pleadings will be accorded liberal construction. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

### III.     PF&R AND PLAINTIFF'S OBJECTIONS

#### A.  Screening Standard

The Magistrate Judge screened Plaintiffs' Complaint as required by 28 U.S.C. § 1915A. This provision requires the Court to dismiss any portion or all of the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915A (b)(1). A complaint is "frivolous" if it is based upon an indisputably meritless legal theory *Denton v. Hernandez*, 504 U.S. 25 (1992), or if the claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court must also dismiss any portion or all of the complaint if the prisoner "seeks monetary relief from a defendant who is immune from such relief." *Id*. at § 1915A (b)(2).

#### B.  *Claims from Plaintiffs' 2008  Convictions*

The Magistrate Judge first considered Plaintiffs claims that their constitutional rights were violated by the Defendants during their criminal prosecution in the Southern District of Illinois. From the nature of the allegations, the Magistrate Judge concluded that "Plaintiffs are implying that their convictions for conspiracy to burglarize pharmacies and distribution of controlled substances are invalid as a result of various constitutional violations during their criminal trial in the Southern District of Illinois." (Document 20 at 11.) The Magistrate Judge found that Plaintiffs failed to state a cognizable claim under *Bivens* pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). (*Id.*) The Seventh Circuit Court of Appeals affirmed the

5

Plaintiffs' "convictions for conspiracy to burglarize pharmacies and distribution of controlled substances and reversed and remanded as to the "results from" charge." (Document 20 at 11.) The Magistrate Judge indicated that "[a]lthough the District Court found that the United States withheld exculpatory evidence and failed to correct false testimony, the District Court denied the Motion for New Trial finding that the errors were not material." (*Id*. at 12.) The Magistrate Judge concluded that because "Plaintiffs have not demonstrated that their criminal convictions for conspiracy to burglarize pharmacies and distribution of controlled substances have been invalidated, Plaintiffs' *Bivens* claim is not cognizable pursuant to *Heck*." (*Id*.) Therefore, the Magistrate Judge recommends the Court dismiss Plaintiffs' above mentioned claims.

In their objections, Plaintiffs first contend they "are in no way challenging the criminal convictions sustained through the constitutional violations perpetrated by the defendants as incorrectly assumed by the magistrate judge . . . [.]" (Document 23 at 1.) Rather, Plaintiffs are "asking for [an] award of damages for the acts committed by the defendants which violated the plaintiff's (sic) constitutional rights." (*Id*.) Plaintiffs object to the Magistrate Judge's application of the *Heck* rule. (Document 23 at 1.) Plaintiffs argue *Heck* does not apply because "plaintiffs are not challenging legitimate acts of judicial process but instead are challenging the illegal and criminal acts committed by the defendants which (sic) are clearly outside the scope of the essential functions of their employment." (*Id*.) Further, Plaintiffs argue absolute immunity does not apply because the defendants were not operating in their traditional function as advocates. (*Id*.) Plaintiffs also argue only qualified immunity applies to Defendants Moore and Pierson (*Id*. at 2.) Thus, Plaintiffs argue "this case should not be summarily dismissed based upon the magistrate's argument that the prosecutor has absolute immunity since this case involves more defendants then just the prosecutor . . . [.]" (*Id*.) Plaintiffs argue, even if *Heck* applies, their previous sentence of life imprisonment was overturned in part because the prosecution withheld

6

evidence so they have met the standard to bring a claim. Finally, in reference to the Magistrate Judge's finding that Plaintiffs' did not allege that Defendant Garrison violated their constitutional rights by presenting the Special Jury Instruction to the District Court, Plaintiffs argue "you can best believe that this was to be included" in their Complaint. (Document 23 at 4.)

Plaintiffs' objections are clearly without merit. First, the principles outlined in *Heck* clearly apply to Plaintiffs' claims. Plaintiffs allege the Defendants conspired to frame them, withheld exculpatory evidence and failed to correct false testimony all of which took place during the Plaintiffs' prosecution. The *Heck* rule states that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). Plaintiffs contend they successfully had their sentenced reversed on direct appeal because the prosecution withheld evidence and did not correct false testimony. However, a closer reading of the Seventh Circuit's decision reveals Plaintiffs' convictions for conspiracy to burglarize pharmacies and distribution of controlled substances were affirmed, and only the "results from" charge in the Special Jury Instruction was reversed and remanded. Therefore, the sentences were not rendered invalid based on Defendants' allegedly unconstitutional actions, but rather on an impermissible jury instruction. Therefore, Plaintiffs' objections are overruled because *Heck* clearly applies and their claims do not comply with its requirements.

Also as a reason to support their claim, Plaintiffs' seize on the Magistrate Judge's observation that they do not allege that Defendant Garrison violated their constitutional rights by presenting the Special Jury Instruction to the trial court. (Document 20 at 11 n. 6.) Plaintiffs fail

7

to appreciate the alternative nature of the Magistrate Judge's ruling. For the sake of argument, the Court assumes Plaintiffs alleged that Defendant Garrison violated their constitutional rights by tendering the Special Jury Instruction to the trial court. With this assumption, Plaintiffs would meet the *Heck* standard because the Special Jury Instruction was successfully appealed. However, the Magistrate Judge correctly held that Defendant Garrison is entitled to absolute immunity on such a claim. Prosecutors are entitled to absolute immunity for actions performed as "an officer of the court." *Van de Kamp v. Goldstein*, 555 U.S. 335, 341-343 (2009). Moreover, prosecutors are absolutely immune "for their conduct . . . in presenting the State's case, insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-431 (1976)). Clearly, in tendering a jury instruction to the Court, Defendant Garrison was acting as "an officer of the court" and this conduct was "intimately associated with the judicial phase of the criminal process." Therefore, the Court finds Defendant Garrison is absolutely immune from Plaintiffs' claim based on the Special Jury Instruction, even had Plaintiffs made such a claim. Additionally, as noted by the Magistrate Judge, Defendant Garrison would likewise be absolutely immune from Plaintiffs' claims for withholding exculpatory evidence and failure to correct false testimony even if the claims were not precluded by *Heck*. Finding no merit in any of Plaintiffs' objections, the Court finds Plaintiffs' claims are not cognizable under *Heck* and should, therefore, be dismissed.

## C. Eighth Amendment Claim[4]

The Magistrate Judge correctly determined that prisoners are guaranteed "adequate medical care" under the Eighth Amendment as part of the protection against the infliction of "cruel and unusual punishment." (Document 20 at 13.) The Magistrate Judge correctly laid out

---

[4] As noted above, only Rex Hatfield is a Plaintiff with respect to this claim.

the applicable law regarding the establishment of an Eighth Amendment violation based on a prisoner's "conditions of confinement." It is as follows:

> an inmate must allege and prove (1) a "sufficiently serious" deprivation under an objective standard and (2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). A sufficiently serious deprivation occurs when "a prison official's act or omission . . . result[s] in the denial of the minimal civilized measure of life's necessities.'" *Id*. at 298 (citing *Rhodes v. Chapman*, 452 U.S. at 347). "In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements – that 'the deprivation of [a] basic human need was objectively sufficiently serious,' and that 'subjectively the officials act[ed] with a sufficiently culpable state of mind.'" *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (quoting *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993)(quotation omitted)). *See also White v. Gregory*, 1 F.3d 267, 269 (4th Cir. 1991) ("In *Strickler*, we held that a prisoner must suffer 'serious or significant physical or mental injury' in order to be 'subjected to cruel and unusual punishment within the meaning of the' Eighth Amendment.")

(Document 20 at 14) (parallel citation omitted).

Plaintiff must initially allege and ultimately establish "a 'sufficiently serious' deprivation of medical care and resulting 'serious or significant physical or mental injury' in order to maintain and prevail upon his Eighth Amendment claim." (Document 20 at 14.) "To establish the subjective component of deliberate indifference, an inmate must allege and prove each defendant's consciousness of the risk of harm to the inmate." (Document 20 at 14)(citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." *Id*. This subjective component may be established "by showing that prison officials' delay in providing medical treatment caused unnecessary pain or the worsening of his condition." (Document 20 at 15) (citing *Miltier v. Beorn*, 896 F.2d 848, 853 (4th Cir. 1990) ("Failure to respond to an inmate's known medical needs raises an inference that there was deliberate indifference to those needs.")).

The Magistrate Judge found that Plaintiff failed to allege facts sufficient to satisfy the subjective component of deliberate indifference because he did not allege that the Defendants

9

knew of and disregarded an excessive risk to his health or safety. (Document 20 at 15.) Instead, the Magistrate Judge indicated that "Rex Hatfield merely states that Defendants denied him adequate medical treatment because he has 'waited seven months in the jail to see a psychiatrist and lung doctor.'" (*Id.*) Therefore, the Magistrate Judge found that Plaintiff's conclusory allegations that Defendant Garrison and the U.S. Marshal Service failed to provide psychological and medical treatment is insufficient to state a claim under the Eighth Amendment and recommends the Court dismiss this claim. (Document 20 at 16-17.)

In his objections, Plaintiff Rex Hatfield argues he was "denied adequate and effective medical treatment of his serious medical needs by officials who were deliberately indifferent." (Document 23 at 3.) Plaintiff argues Defendant Garrison knew he needed "mental health treatment before trial which is why [Defendant Garrison] could not allow [Plaintiff Rex Hatfield] to be given a mental health evaluation, so [Defendant Garrison] interfered with this medical treatment when he instructed the U.S. Marshals not to approve treatment [for] him . . . [.]" (*Id.*) In support, Plaintiff cites to his medical records. *See* (Document 9). Additionally, Plaintiff states that "the U.S. Marshals refused to treat (at the direction of the prosecutor) [his] pulmonary condition and mental health issues, this could have been fatal." (Document 23 at 3.) Plaintiff also indicates he might never be the same as a result of this deliberate indifference. (*Id.*) Finally, Plaintiff also argues that "affidavit with attached exhibits was meant to show denial of medical treatment . . . [.]" (*Id.* at 4.)

As a preliminary matter, Plaintiff wholly fails to allege that Defendant Moore or Pierson deprived him of medical care resulting in a "serious or significant physical or mental injury." In fact, Plaintiff points to no wrongful conduct by either Defendants Moore or Pierson. Additionally, the Magistrate Judge correctly pointed out that Plaintiff's allegations against the U.S. Marshals Service may not proceed because "*Bivens* claims are not actionable against the

10

United States, federal agencies, or public officials acting in their official capacities." (Document 20 at 15 n. 8.)

In his Complaint, Plaintiff failed to allege Defendant Garrison committed any wrongful conduct with respect to his medical care. However, Plaintiff now essentially argues in his objections that the U.S. Marshals ignored his recommended medical treatment at Defendant Garrison's direction. (Document 23 at 3.) Plaintiff argues neither Defendant Garrison nor the U.S. Marshal are qualified to make a decision on his medical treatment which he argues amounted to deliberate indifference to his serious medical needs. (*Id*.)

The Court finds Plaintiff's objections are without merit. Plaintiff acknowledges he was in the sole custody of the U.S. Marshal. The U.S. Marshal is responsible for providing adequate psychological and medical treatment to federal detainees in the Marshal's custody. (*Id*.) Defendant Garrison did not have any authority to direct the type of medical treatment Plaintiff was provided while he awaited trial or any other time for that matter. Moreover, Defendant Garrison was not responsible for providing Plaintiff with adequate medical care. Rather this responsibility rested with the U.S. Marshal. Accordingly, the Court finds that Plaintiff's allegations cannot be construed to implicate the violation of a constitutional right for which relief can be granted under *Bivens* and must be dismissed.

### D. *Default Judgment*

Finally, the Magistrate Judge considered Plaintiffs' Motion for Default Judgment (Document 14), wherein Plaintiffs argue that default judgment is proper under Rule 55(a) of the Federal Rules of Civil Procedure because "no answer or other defense has been filed by the defendants." (Document 14 at 1.) The Magistrate Judge found that Defendants did not default by failing to respond to Plaintiffs' Complaint because Defendants were not served or required to respond to Plaintiffs' Complaint at the time the motion for default judgment was filed.

(Document 20 at 16.) Therefore, the Magistrate Judge recommends the Court deny Plaintiffs' Motion for Default Judgment. Plaintiffs did not object to this finding and, therefore, the Court is not required to review this finding de novo. *Thomas*, 474 U.S. at 150.

## *CONCLUSION*

Thus, based on the findings herein, the Court does hereby **ORDER** that the Magistrate Judge's Proposed Findings and Recommendation (Document 20) be **ADOPTED**. The Court **ORDERS** Plaintiffs' Applications to Proceed Without Prepayment of Fees (Documents 1 and 3) and Plaintiffs' Motion for Default Judgment (Document 14) be **DENIED**. Further, the Court **ORDERS** Plaintiffs' Complaint (Documents 5 and 7) be **DISMISSED** and that this matter be **STRICKEN** from the Court's docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: May 2, 2012

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA